# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| TIMOTHY MARABLE<br>        *Plaintiff,*<br>  v.<br>DOUG LOWE<br>        *Defendant.* | CIVIL ACTION NO. 3:11-CV-31<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Pending before the court is Plaintiff's motion to proceed *in forma pauperis*, which I will grant. (docket no. 1). However, for reasons set forth below, I must dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.

A district court must evaluate a complaint filed *in forma pauperis*, and dismiss it if it determines that "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

It is clear as a matter of law that Defendant may not be held liable for the allegations set forth in the complaint. Plaintiff, who is black, avers that after "reporting Discrimination and a death threat, and abuse," he was wrongfully terminated by Artisan Construction, Inc. ("Artisan"), in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. The act prohibits "an employer . . . [from] discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] color. . . ." 42 U.S.C. § 2000e-2(a). However, it is well established that individual employees, including

supervisors, cannot be held liable. *Lissau v. Southern Food Serv.*, 159 F.3d 177, 180 (4th Cir. 1998). *See also Ridenhour v. Concord Screen Printers, Inc.*, 40 F. Supp. 2d 744, 745 (M.D.N.C. 1999) (granting summary judgment for defendant on Title VII claim against defendant business-owner/president). As the Defendant is merely the owner of Artisan, a corporation, the claim against Defendant has no arguable basis in law. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Furthermore, a complaint must satisfy the pleading requirements of Rule 8. *See Freeman v. Aqua America, Inc.*, No. 3:09-cv-687, 2010 WL 2384598, at *2 (E.D. Va. June 9, 2010). Among other things, it must contain "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). As it is not clear from the complaint whether Plaintiff seeks damages, reinstatement, or some other remedy, it fails to meet the standard set forth in the rule, and must be dismissed.

## II.

For the foregoing reasons, the complaint will be dismissed with prejudice as to Defendant Doug Lowe. However, Plaintiff will be given 14 days from the date of this decision to file an amended complaint charging the proper party, and addressing any other defects.

The Clerk of the Court is directed to send a certified copy of this opinion to all counsel of record, and to the Plaintiff.

Entered this \_\_9th\_\_ day of May, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE